```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

DEANGELA B. WILLIAMS,

       Plaintiff,

v.                                  Case No. 8:14-cv-2803-T-33TGW

POLK COUNTY SCHOOL BOARD,

       Defendant.
_____/

**ORDER**

This matter comes before the Court *sua sponte*. On November 10, 2014, Deangela B. Williams initiated this action against the Polk County School Board. (See Doc. # 1). Upon review of the Complaint, the Court determines that it lacks subject matter jurisdiction over this action.

**Discussion**

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) (stating "every federal court operates under an independent obligation to ensure it is presented with the kind of concrete

controversy upon which its constitutional grant of authority is based").

Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Construing Williams' Complaint liberally due to her *pro se* status, the Court reaches the inescapable conclusion that this Court lacks subject matter jurisdiction over this action.

The Complaint contains a minimal amount of information, making it difficult for this Court to decipher what claims Williams is alleging against the Polk County School Board. Furthermore, the Complaint is devoid of a jurisdictional statement setting forth how, if at all, this Court has jurisdiction over this matter. Given Williams' *pro se* status, however, the Court will address whether it has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 1331 or 1332.

Throughout the Complaint, Williams does not specifically reference a constitutional amendment or federal statute, and even if she did, a mere reference to federal law is not enough to establish federal question jurisdiction. A case "arises under" federal law where federal law creates the cause of action or where a substantial disputed issue of federal law is a necessary element of a state law claim. See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-10 (1991). The Court has no obligation to hypothesize a federal claim, even considering Williams' *pro se* status. See Gibbs v. U.S., 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012) ("The leniency afforded to *pro se* pleadings does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.")(internal quotation omitted). Therefore, this Court finds that it lacks subject matter jurisdiction under 28 U.S.C. § 1331.

Furthermore, the Court determines that Williams has failed to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332. In order to sufficiently allege diversity jurisdiction, Williams must demonstrate complete diversity of citizenship and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. In order to demonstrate

3

complete diversity, Williams must establish that her citizenship is diverse from the citizenship of the Polk County School Board. As explained in Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011), "citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." In addition, Williams must establish that the amount in controversy exceeds $75,000.

Upon review of the Complaint, Williams has failed to definitively establish diversity jurisdiction as Williams has not properly alleged the citizenship of all the individual parties in this action. Furthermore, the Court finds that Williams has not established that the amount in controversy exceeds $75,000. Thus, diversity jurisdiction does not exist.

Having determined that the Court lacks subject matter jurisdiction under either 28 U.S.C. §§ 1331 or 1332, the Court dismisses this case.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The case is dismissed for lack of subject matter jurisdiction.

(2) The Clerk is directed to terminate any pending motions and thereafter **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>12th</u> day of November, 2014.

                                            VIRGINIA M. HERNANDEZ COVINGTON
                                            UNITED STATES DISTRICT JUDGE

Copies: All parties of record